UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
GARY WAYNE PAULSEN,             )
                                )    Bankruptcy No. 07-04414
     Debtor.                    )
_____ )
JENNIFER OLSEN,                 )
                                )    Adversary No. 08-30044
     Plaintiff,                 )
                                )
vs.                             )
                                )
GARY WAYNE PAULSEN,             )
                                )
     Defendant.                 )
```

**ORDER RE: MOTION TO DISMISS**

This matter came before the undersigned for telephonic hearing on August 1, 2008 on Motion to Dismiss for Failure to State a Claim. Plaintiff Jennifer Olsen was represented by attorney Barbara Maness. Debtor/Defendant Gary Paulsen was represented by attorney Philip Koenig. After hearing arguments of counsel, the Court took the matter under advisement.

**STATEMENT OF THE CASE**

Debtor asserts Plaintiff's amended complaint fails to state a claim on which relief can be granted. He believes dismissal is appropriate. Debtor argues the Court does not have jurisdiction over the matters asserted in the complaint.

**STATEMENT OF FACTS**

Plaintiff filed her original adversary complaint on March 18, 2008. The complaint is two pages long and incorporates a two-page Petition at law Plaintiff filed in Iowa District Court in Scott County on December 4, 2007. The Petition asserts Debtor published a letter that was defamatory of Plaintiff and caused emotional distress, and requests damages of more than $10,000 and a retraction of the publication. The original complaint herein asserts Plaintiff's lawsuit should be allowed to proceed in Iowa District Court and further asserts any damages awarded should be excepted from discharge under 11 U.S.C. § 523(a)(6).

Debtor filed a Motion for a More Definite Statement on March 27, 2008.  He asserted that the complaint was vague regarding the relief sought and factual allegations.  With no resistance filed by Plaintiff, the Court granted the Motion.  Plaintiff filed her Amended Complaint on April 25, 2008.

Debtor now moves to dismiss for failure to state a claim.  He argues the Amended Complaint fails to request relief in the form of non-dischargeability of the alleged debt.  He also denies this is a core proceeding.  Debtor points out that the Amended Complaint, although captioned as objecting to discharge under § 523(a)(6), only asks for monetary relief and a retraction.  He argues that the Court lacks jurisdiction to liquidate a personal injury claim or to grant specific performance, in the absence of a request to except the alleged debt from discharge.

## CONCLUSIONS OF LAW

Rule 12(b)(6) authorizes the dismissal of a claim if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012.  In assessing a motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  In re Operation of Missouri River System Litigation, 418 F.3d 915, 917 (8th Cir. 2005).  "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [an] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).  The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief.  Id. at 1965; Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008).

Rule 8 governs the requirements of a pleading, stating, in pertinent part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> . . .
>
>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

2

>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
>    . . .
>
>    (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
>
>       (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
>
>    . . .
>
>    (e) Construing Pleadings. Pleadings must be construed so as to do justice.

Fed. R. Civ. P. 8; Fed. R. Bankr. P. 7008. Pleadings under the Federal Rules of Civil Procedure are designed to give the opposing party fair notice of the claim asserted. <u>Shelter Mutual Ins. Co. v. Public Water Supply Dist. No. 7</u>, 747 F.2d 1195, 1197 (8th Cir. 1984).

For a debt to be excepted from discharge under § 523(a)(6), the creditor must prove both willfulness and malice. <u>In re Scarborough</u>, 171 F.3d 638, 641 (8th Cir. 1999). If a complaint does not allege malicious conduct, it fails to allege a cause of action under § 523(a)(6). <u>In re Jarrett</u>, 303 B.R. 816, 821 (Bankr. E.D. Ark. 2003). A complaint is subject to dismissal if it is not possible to determine which section of the Bankruptcy Code is the basis for the claim and it fails to request that the debt be declared nondischargeable. <u>In re Sheehan</u>, 243 B.R. 590, 595 (Bankr. D.R.I. 1999).

Plaintiff cites § 523(a)(6) in the caption of the Amended Complaint, but not in the body of it. The 5-page Amended Complaint and three pages of attachments do not specifically allege willful and malicious conduct by Debtor. The original complaint, however, states that Debtor's intentional acts toward her caused willful and malicious injury and the resulting debt should not be discharged. This is sufficient to put Debtor on notice of Plaintiff's claim of nondischargeability. In amending the complaint in response to Debtor's motion for more definite statement, however, Plaintiff failed to include this claim of nondischargeability. The Amended Complaint sets out more factual detail than is necessary under Rule 8(a) regarding Plaintiff's

underlying claim of defamation, but fails to request an exception from discharge.

Courts should freely allow a party to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015. Rather than granting Debtor's Motion to Dismiss for failure to state a claim, the Court believes justice would be better served by giving Plaintiff one more chance to rectify the deficiencies in the original and amended complaints. Plaintiff should again amend the complaint with a short, plain statement of her claim or claims, including the facts supporting such claims, and a demand for the relief sought, in a manner consistent with this ruling. While Federal courts utilize notice pleading, the Rules nevertheless require sufficient clarity to allow the opposing party to answer the complaint. The Court strongly suggests that Plaintiff consider the comments contained in this ruling and amend the complaint accordingly.

**WHEREFORE**, Debtor's Motion to Dismiss for Failure to State a Claim is DENIED.

**FURTHER**, Plaintiff Jennifer Olsen shall file a Second Amended Complaint on or before October 15, 2008, in accordance with this ruling.

**FURTHER**, Debtor Gary Paulsen shall file a responsive pleading or motion on or before October 22, 2008.

**FURTHER**, if Plaintiff fails to timely file a Second Amended Complaint, this adversary proceeding will be dismissed without further notice or hearing.

DATED AND ENTERED: October 1, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE